IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Douglas Hall, | C/A No.: 1:10-3173-MBS-SVH |
| Plaintiff, | |
| vs. | REPORT AND RECOMMENDATION |
| Linda Mitchell, Administrator; David Taylor, Sheriff of Union County; and Union County Sheriff Office, | |
| Defendants. | |

      Plaintiff Douglass Hall, a detainee in the Union County Jail, brings this civil action *pro se* pursuant to 42 U.S.C. § 1983 seeking money damages and injunctive relief. Plaintiff alleges that on August 19, 2010, he went to Urgent Medical Care in Union, South Carolina, for pain in his hip, stomach, side, and back because of a bone spur on his hip joint. Further Plaintiff alleges another detainee, David Sumner, went to Urgent Medical Care the same day. Dr. Miller allegedly prescribed Plaintiff Tramadol for pain and a medication for inflamation. Plaintiff alleges that between August 20, 2010 and about August 28, 2010, he was given Sumner's medicine by jail employees instead of his medicine without his knowledge. Sumner's medicine was allegedly taken for anxiety. The jail employees allegedly discovered the mistaken medicine swap because of Sumner's questioning. Plaintiff alleges that, as a result of his ingesting the wrong medicine, he had nightmares, stress, headaches, irregular bowel movements, and could not sleep. Plaintiff also alleges he has become an angry man and fears that he might hurt himself, jail staff, or another detainee. Plaintiff has sought to go to "Mental Health."

Allegedly, during the last week of October, 2010, Plaintiff was interviewed by Mental Health, and was informed that he would see a mental health doctor every two weeks. However, Plaintiff alleges that he has not yet seen a mental health doctor. He sues Sheriff David Taylor because he "is over the Sheriff Office so he is directly involve[d] with the running of the Detention Center." Plaintiff alleges that the Union County Sheriff's Office operates the detention center. Plaintiff requests that David Taylor be removed as the Sheriff and be liable for money damages due to Plaintiff's pain and suffering. Plaintiff also seeks money damages from the "Union County Sheriff Office."

I.     Standard of Review

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review this complaint for relief and submit findings and recommendations to the district judge. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the district court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may

be granted; or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. As a *pro se* litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). However, even under this less stringent standard, a portion of the *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

II.    Discussion

Defendant David Taylor should be dismissed from this action because Plaintiff alleges no facts against Taylor that would show Taylor's personal involvement with the mistaken medicine swap or the denial of mental health services. Taylor is alleged to be the Union County Sheriff, who is in charge of the Union County Jail, so it appears that Taylor is being sued because he may have supervised, managed, or is allegedly responsible for jail employees' alleged misconduct. However, the doctrines of vicarious liability and respondeat superior are not generally applicable in § 1983 actions. *See Baker v. Lyles*, 904 F.2d 925, 929 (4th Cir. 1990); *Vinnedge v. Gibbs*, 550 F.2d 926, 927–929 (4th Cir. 1977). Liability cannot be imposed on Taylor where he is not alleged to have been personally involved in the deprivation of Plaintiff's rights. Therefore, Plaintiff failed to state a claim on which relief may be granted as to Taylor.

Additionally, Taylor, in his official capacity, and the Union County Sheriff's Office have Eleventh Amendment immunity from this suit. In South Carolina, a sheriff's department is an agency of the state, not a department under the control of the county. *See Stewart v. Beaufort Cnty.*, 481 F.Supp.2d 483, 492 (D.S.C. 2007) (in South Carolina, a suit against a sheriff's office is against the State); *Carroll v. Greenville Cnty. Sheriff's Dep't*, 871 F.Supp. 844, 846 (D.S.C. 1994) (suit against the sheriff in his official capacity and the sheriff's office is a suit against the State); *Gulledge v. Smart*, 691 F.Supp. 947, 954–55 (D.S.C. 1988) (discussing sheriff as agent and alter ego of the State and that deputy sheriffs act as the sheriff's agent), *aff'd,* 878 F.2d 379 (4th Cir. 1989). "State sovereign immunity is a bedrock principle of 'Our Federalism.'" *Virginia v. Reinhard*, 568 F.3d 110, 115 (4th Cir. 2009) (citation omitted). The Eleventh Amendment to the United States Constitution reflects the foundational principle of sovereign immunity because it divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a State agency or department. *Id.*; *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984) (although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens). Under *Pennhurst State Sch. & Hosp.*, a State must expressly consent to suit in a federal district court. *Id.* The State of South Carolina has not consented to suit in a federal court. *See* S.C. Code Ann. § 15-78-20(e) (1976) (statute expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court

of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State).  Therefore, the Union County Sheriff's Office and the Union County Sheriff in his official capacity are immune from suit under the Eleventh Amendment, and the undersigned recommends they be dismissed.

Lastly, Defendant "Union County Sheriff Office" should be dismissed because it is not a "person" subject to suit in a § 1983 civil rights action.  In order to state a claim for damages under 42 U.S.C. § 1983, an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws"  by a "person" acting  "under color of state law."  *See* 42 U.S.C. § 1983; *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 690 & n.55 (1978) (noting that for purposes of § 1983 a "person" includes individuals and "bodies politic and corporate").  It is well settled that only "persons" may act under color of state law, and, therefore, a defendant in a § 1983 action must qualify as a "person." The defendant "Union County Sheriff Office" is a department, group of buildings, or a facility.  Inanimate objects such as buildings, facilities, and grounds cannot act under color of state law.  *See Bennett v. Georgetown Cnty. Det. Ctr.*, C/A No. 2:10-762-MBS-RSC, 2010 WL 2382554 (D.S.C. April 8, 2010), *adopted by* 2010 WL 2382557 (D.S.C. June 10, 2010); *Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969) (finding that California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983).  Therefore, Plaintiff failed to state a claim on which relief may be granted as to Defendant "Union County Sheriff Office."

III.    Recommendation

For the foregoing reasons, it is recommended that the district judge dismiss Defendants David Taylor and Union County Sheriff Office from this action without prejudice and without issuance and service of process. This action will continue as to Defendant Linda Mitchell.[1]

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

February 7, 2011                                                         Shiva V. Hodges
Florence, South Carolina                                          United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

---

[1] In an Order entered contemporaneously with this Report and Recommendation, this Court authorized service of process upon Defendant Mitchell.

6