IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Douglas Hall,                        ) | |
|                                                  ) | C/A No. 1:10-CV-3173-MBS |
|                    Plaintiff,            ) | |
|                                                  ) | |
| vs.                                          ) | |
|                                                  ) | **O R D E R** |
| Linda Mitchell; David Taylor; and Union    ) | |
| County Sheriff's Office,         ) | |
|                                                  ) | |
|                    Defendants.     ) | |
|                                                  ) | |

**I.     BACKGROUND**

In this action, brought pursuant to 42 U.S.C. § 1983, pro se Plaintiff Douglas Hall ("Plaintiff") charges Administrator of the Union County Detention Center Linda Mitchell, Union County Sheriff David Taylor, and the Union County Sheriff's Office with liability for injuries that Plaintiff allegedly suffered as a result of being given another inmate's medication while in the custody of the Union County Jail in Union County, South Carolina. See Compl., ECF No. 1.  In accordance with 28 U.S.C. § 636(b)(1) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for pretrial handling.  On February 7, 2011 the Magistrate Judge issued a Report and Recommendation (the "R&R") recommending that this Court summarily dismiss Defendants Taylor and the Union County Sheriff's Office from this suit.  See R&R, ECF No. 12.  Plaintiff filed objections to the R&R on February 14, 2011.  See Pl.'s Obj., ECF No. 19.

**II.     LEGAL STANDARD**

The Magistrate Judge makes only a recommendation to this court.  The recommendation has

no presumptive weight. The responsibility for making a final determination remains with this Court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the R&R to which a specific objection is made. However, the district court need not conduct a de novo review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47–48 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

**III.    ANALYSIS**

Although the Court has carefully reviewed all relevant portions of the record, it addresses here only those recommendations and conclusions in the R&R to which Plaintiff makes specific objections.[1] In particular, Plaintiff objects to the recommended dismissal of Defendant Taylor on the basis that Plaintiff failed to allege that Taylor had any personal involvement in the alleged violation of Plaintiff's rights. Plaintiff argues that dismissal of Taylor would be improper, because Taylor was negligent in his supervision of Defendant Mitchell and of "the daily running of the jail." Pl.'s Obj. 1, ECF No. 19. Plaintiff also specifically alleges that Taylor "was inform[ed] about all the thing[s] that were going wrong with the medication including crushing up of pills by the jailer then giving them to us." Id. These allegations are not presently in Plaintiff's Complaint.

---

[1] In his objections, Plaintiff makes no reference to either the Magistrate Judge's recommendation that the Court dismiss the Union County Sheriff's Office or that, were the Court to find that Plaintiff has alleged facts sufficient to pursue claims against Taylor, such a proceeding could progress against Taylor in his individual capacity only, because Taylor is entitled to Eleventh Amendment immunity in suits brought against him in his official capacity.

2

Although the strict liability theories of <u>respondeat superior</u> and vicarious liability are ordinarily not available in actions brought pursuant to Section 1983, "[t]he principle is firmly entrenched that supervisory officials may be held liable in certain circumstances for the constitutional injuries inflicted by their subordinates." <u>Shaw v. Stroud</u>, 13 F. 3d 791, 798 (4th Cir. 1994) (citing cases).[2] In order to succeed on such a claim, the plaintiff must be able to prove the following three elements:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices,"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

<u>Id.</u> at 799 (citing cases).

Given this Court's responsibility to liberally construe filings by <u>pro se</u> litigants, Plaintiff's objections could be read to allege that Taylor had actual knowledge that his subordinates were engaged in conduct that posed a risk of constitutional injury. Although the Court agrees with the Magistrate Judge that Plaintiff's Complaint as currently drafted fails to adequately state a claim for supervisory liability under Section 1983, Plaintiff shall be afforded thirty (30) days to cure this defect by amending his Complaint.

**IV.    CONCLUSION**

Having thoroughly examined the record, the Court hereby adopts and incorporates the

---

[2]    In such cases, "liability is not premised upon <u>repondeat superior</u> but upon 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'" <u>Shaw</u>, 13 F.3d at 798 (quoting <u>Slakan v. Porter</u>, 737 F.2d 368, 372–73 (4th Cir. 1984)).

3

Magistrate Judge's R&R to the extent that it is not inconsistent with the discussion herein. The Union County Sheriff's Office is **DISMISSED** as a Defendant from this lawsuit. Insofar as Plaintiff meant to sue Union County Sheriff David Taylor in his official capacity, he too is **DISMISSED** as a Defendant from this lawsuit. Plaintiff shall have thirty (30) days from the date of entry of this order to amend his Complaint to state a claim against Taylor in his individual capacity. Assuming that Plaintiff is able to allege facts that satisfy the elements that the Fourth Circuit has identified as required to sustain a claim for supervisory liability under Section 1983, Plaintiff will be permitted to pursue this action against Taylor in his individual capacity. This matter is recommitted to the Magistrate Judge for further proceedings not inconsistent with this order.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina
June 3, 2011