UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| DOUGLAS HALL, | ) | |
| | ) | C/A. No.: 1:10-cv-3173-GRA-SVH |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | (Written Opinion) |
| | ) | |
| LINDA MITCHELL, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter comes before the Court for review of the magistrate's Report and Recommendation filed on October 17, 2011 and made in accordance with 28 U.S.C. § 636(b)(1) and Local Rule 73.02(B)(2)(d), D.S.C. ECF No. 57. Plaintiff Douglas Hall filed this action on December 16, 2010, pursuant to 42 U.S.C. § 1983.[1] ECF No. 1. Defendant moved for summary judgment on July 19, 2011. ECF No. 49. An order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), was issued by the magistrate on July 20, 2011. ECF No. 50. Plaintiff filed a response to the motion for summary judgment on August 1, 2011. ECF No. 54. Defendant did not respond to Plaintiff's response. Magistrate Judge Hodges now recommends that this Court grant Defendants' Motion for Summary Judgment.

---

[1] Plaintiff commenced this lawsuit as a civil rights action. This Court liberally construes Plaintiff's action as brought pursuant to 42 U.S.C. § 1983. Plaintiff initially commenced this action against David Taylor and Union County Sheriff's Office in addition to Linda Mitchell; however, they have since been dismissed from this action.

ECF No. 57. Plaintiff filed a timely Objection to the magistrate judge's Report and Recommendation on November 7, 2011. ECF No. 62. This Court adopts the magistrate's Report and Recommendation in its entirety and grants Defendant's Motion for Summary Judgment.

## Standard of Review

Plaintiff brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). A court may not construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993), nor is a district court required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir.1985), *cert. denied*, 475 U.S. 1088 (1986).

## Background

Plaintiff, proceeding *pro se* and *in forma pauperis*, was a pretrial detainee incarcerated at Union County Detention Center ("UCDC") at the time he commenced this action. ECF No. 57. Plaintiff alleges that on August 19, 2010, he went to Urgent Medical Care in Union, South Carolina for pain caused by a bone spur on his hip joint and was prescribed Tramadol for pain and medication for inflammation. *Id.* Plaintiff alleges that another detainee, David Sumner, went to

Urgent Medical Care the same day and was prescribed medicine for anxiety. *Id.* Plaintiff further alleges that jail employees gave Plaintiff Sumner's medicine instead of his own without his knowledge from August 20, 2010 to about August 28, 2010. *Id.* This mistake was discovered after Sumner started questioning jail employees who discovered that the Wal-Mart pharmacy had mislabeled the medication. ECF No. 49-3. Plaintiff claims that, as a result of ingesting the wrong medicine, he has suffered nightmares, stress, headaches, irregular bowel movements, and insomnia. ECF No. 57. Plaintiff also alleges that he has become an angry man and fears that he might hurt himself, jail staff, or other detainees. *Id.* As a result, Plaintiff claims he sought treatment at "Mental Health," but after a preliminary interview by a health counselor in October 2010, he has yet to see a mental health doctor. *Id.*

## Discussion

The magistrate makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In order for objections to be considered by a United States District Judge, the objections must be timely filed and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91,94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845–47 nn.1–3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983). Plaintiff timely filed objections to the Report and Recommendation on November 7, 2011. ECF No. 62.

Plaintiff objects to the Report and Recommendation "in its entirety." ECF No. 62. This Court declines to address Plaintiff's general and conclusory objection to the Report and Recommendation. *See Orpiano*, 687 F.2d at 48 ("Courts have also held *de novo* review to be unnecessary . . . when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."). *See also United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Plaintiff also makes specific objections to the Report and Recommendation. The Court will attempt to address each objection to the extent the objection relates to a specific portion of the Report and Recommendation.

Plaintiff's first objection relates to the Court's improper classification of his Rule 12(e) and Rule 56(d)(1-3) Motion as a Response to Plaintiff's Motion for Summary Judgment. *See* ECF No. 54. Plaintiff argues that, if the Court had correctly construed his motion and responded to it, he would have had ample time to file a response to Defendant's motion for summary judgment. This objection is without merit.

Defendant filed a Motion for Summary Judgment on July 19, 2011. ECF No. 49. This Court notified Plaintiff through a *Roseboro* Order on July 20, 2011, which advised him that his failure to reply to the Defendant's motion within 34 days may result in dismissal or summary judgment. ECF No. 50. Plaintiff only filed one motion during this time period. *See* ECF No. 54. This motion was construed by the court as Plaintiff's Response to Defendant's Summary Judgment Motion. Assuming Plaintiff's Motion was improperly construed, there was nothing preventing Plaintiff from also filing a Response to Defendant's Motion for Summary Judgment. Moreover, Plaintiff's motion did not require the Court to respond before Plaintiff could file a response to Defendant's Motion, nor was Plaintiff required under applicable law to respond to Defendant's Motion for Summary Judgment.

Therefore, the classification of Plaintiff's Motion is not a valid objection to the Report and Recommendation.[1]

Plaintiff also objects to the dismissal of Plaintiff's case on the theory of *respondeat superior* or vicarious liability. Plaintiff appears to argue that his injuries occurred as a result of Defendant's deliberate indifference when adopting allegedly inadequate operating and training protocol which were followed by Defendant's employees. ECF No. 62.

The Supreme Court has recognized that "deliberate indifference describes a state of mind more blameworthy than negligence." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). The Court further stated, "It is indeed fair to say that acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk." *Id.* at 836. While it is unlikely to occur frequently, the Court acknowledged that while "it may happen that in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policy makers . . . can reasonably be said to have been deliberately indifferent to the need." *Canton v. Harris*, 489 U.S. 378, 390 (1989).

---

[1] This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). Therefore, this Court will continue to construe Plaintiff's Motion as a Response to Defendant's Motion for Summary Judgment and consider it in determining whether to grant Defendant Summary Judgment.

The undisputed facts show that a Wal-Mart pharmacist mislabeled another prisoner's anxiety medication as Plaintiff's pain medication. The facts further show that prison employees, unaware of the mistake, administered Plaintiff's medication from August 20, 2010 to August 28, 2010 before discovering the mistake. The undisputed facts do not rise to the level of recklessly disregarding a certain risk. There is no indication that administering mislabeled medication occurs frequently in this facility, nor that it was more than a mere mistake on the part of a third-party pharmacist. Thus, Plaintiff's objection is not valid.

Finally, Plaintiff objects to the Report and Recommendations analysis of Plaintiff's claim against Defendant for failure to provide medical care. Plaintiff argues that Defendant was deliberately indifferent to Plaintiff's alleged symptoms by calling Urgent Care to inquire into possible side effects and not providing medical assistance immediately. ECF No. 62. The Report and Recommendation correctly concludes that the facts of this case do not indicate Defendant failed to provide treatment or was deliberately indifferent to Plaintiff's serious medical needs. ECF No. 57. The Fourth Circuit has held "'[d]isagreements between an inmate and a physician over the inmate's proper medical care' are not sufficient to raise an Eighth Amendment claim for purposes of 42 U.S.C. § 1983." *United States v. Clawson*, 650 F.3d 530, 538 (4th Cir. 2011) (quoting *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985)). Therefore, Plaintiff's objection is without merit.

After considering Plaintiff's objections and the record in this case, this Court finds that the magistrate's Report and Recommendation accurately summarizes this case and the applicable law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment is hereby GRANTED.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

December 7, 2011
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.